McKinney, J.
delivered the opinion of the court.
On the 8th day of February, 1839, the plaintiffs recovered judgment against the defendant and John W. Clark, as part-ers for $198 64. Upon this judgment, execution issued on the 31st July 1839, and was levied on the property of Clark. Before sale, Clark, agreed with J. B. White, the attorney of plaintiffs, to execute his note with security for the amount of said judgment; and a note with security for the amount of said judgment was accordingly executed, which was accepted by White. Clark requested, that satisfaction of the judgment should not be entered, in order to enable him to collect the money from Merrill, the defendant, who was bound to pay the same.
White agreed not to enter satisfaction, and that Clark might enforce payment thereof from the defendant if he could, but, *139 there is no evidence, that he made any assignment of the judgment to Clark.
The note of Clark was collected by White, and paid over to the plaintiffs in satisfaction of their judgment. Clark after-wards transfered said judgment to H. &. B. Douglass, and execution issued thereon on the 25th October, 1843, on which John March, who was indebted to Merrill, was garnisheed, and, on the 11th day of June, 1844, a final judgment was rendered against said March, in .favor of the plaintiff for $261 81. Upon this judgment, execution issued, and was levied on the property of March. The defendant filed this petition to have said execution superseded, and also, the former execution issued on the 25th October, 1843. An issue of fact, was submitted to a jury in the circuit court, who found the judgment satisfied, and a new trial being refused, the plaintiffs appealed in error to this court.
We think, there is no error in this record. It is true, that White, as the attorney of the plaintiffs, has no authority, as such, to receive a note from Clark, or any thing but money, in satisfaction of the judgment, still, the note having been collected, and the money paid over to the plaintiffs, without objection on their part, this amounted to a satisfaction and ex-tinguishment of the judgment, and no execution could after-wards issue thereon. White, as the attorney of the plaintiffs, had no authority to transfer the judgment or to agree that execution might issue thereon, for the benefit of said Clark, unless empowered by them to do so. • And, the mere fact of their receiving the money could not be regarded as an approval or ratification of the act of White in transferring the judgment.
We are also of opinion, that the defendant, may properly apply to have the execution against the garnishee superseded, and quashed. He is the only person to be injured; the garnishee has no interest in the matter, as the judgment would *140 be a sufficient protection for him, nor will the omission of the. defendant to have the execution issued against himself, on the 25th of October 1845, superseded, preclude him from now mailing his defence against the execution issued on the judgment rendered against the garnishee: neither is the defendant to be defeated of his remedy by the delay in this case. The principle applicable to the writ of certiorari, when sought to be used as a substitute for an appeal, has no application, when it is substituted for the writ of audita querela, a remedy obsolete in this state.
The judgment of the circuit court will be affirmed.